CHARLES ROBERT, Respondent, v. UNITED STATES SHIP-
PING BOARD EMERGENCY FLEET CORPORATION, Defend-
ant, and ROOSEVELT STEAMSHIP COMPANY et al.,
Appellants.

Negligence — master and servant — evidence — seaman in-
jured while painting stem of vessel — sufficiency of evidence
to lay basis for inference of negligence — vessel owned or
chartered by one and managed by two other corporations —
erroneous exclusion of evidence to show that managing com-
panies acted only in advisory capacity and did not hire crew.

1. Where, in an action to recover for personal injuries, there is
evidence to show that plaintiff, a seaman, was ordered by an officer to
do painting on the stem of a steamship lying in harbor in surroundings
which were known by his superior to involve the risk of collision, for
which purpose he stood upon a raft through which slime and water
rose, making it hard to keep a foothold so that he held on to the stem
with one hand in order to keep steady and as a result of the movement
of the water an overlapping barge was driven against the stem striking
the plaintiff's hand, a basis has been laid for an inference of negligence.

2. The vessel was owned or chartered by the United States Shipping
Board Emergency Fleet Corporation. Defendants, appellants, two
corporations, acting without compensation and as a patriotic service,
managed the vessel in co-operation with the board under a contract
which standing unexplained might lay a basis for a finding that the
managing companies were the employers of the crew and chargeable
with the duties attached to that relation. They tried to show by
evidence of the course of dealing that the board was the employer and
that they were acting by their representatives in an advisory capacity,
but the evidence was excluded upon the ground that the contract
between the board and companies was not subject to contradiction,
though they were permitted to show that they did not hire the crew,
and without proof of the shipping articles, the jury were instructed
that the relation between plaintiff and the companies was that of
servant and employer. These rulings were erroneous. The defend-
ants should have been permitted to show their relation to plaintiff
by exhibiting and explaining their connection with the enterprise.

*Robert* v. *U. S. Shipping Board Emergency Fleet Corporation*, 211
App. Div. 868, reversed.

(Argued June 3, 1925; decided July 15, 1925.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 19, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*Joseph M. Dreyer* and *Nathan A. Smith* for appellants. Even assuming negligence on the part of the officers of the vessel, there is no evidence that either defendant, appellant, was in any way responsible for such negligence either as employer of the officers or crew, as owner of the vessel or otherwise. (1 Mechem on Agency [2d ed.], § 1463; *Brown* v. *Jent*, 20 Vt. 529; *Barnard* v. *Coffin*, 141 Mass. 37; *Dun* v. *City Nat. Bank*, 58 Fed. Rep. 174) It was prejudicial error for the court to rule that the defendants could not prove by oral testimony they were not operating the ship at the time of the accident. (*Gillet* v. *Bank of America*, 160 N. Y. 549; *Schmittler* v. *Simon*, 114 N. Y. 176; *Hankinson* v. *Vantine*, 152 N. Y. 20; *Juliano* v. *Chaffee*, 92 N. Y. 529; *Folinsbee* v. *Sawyer*, 157 N. Y. 196.)

*Arthur Lavenburg* for respondent. The relation of master and servant existed between plaintiff and the defendants. (*Patrone* v. *Howlett*, 237 N. Y. 394; *Vasquez* v. *Panama R. R. Co.*, 239 N. Y. 590; *Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613; 234 N. Y. 626; *Panama R. R. Co.* v. *Johnson*, 264 U. S. 375; *Butler* v. *Townsend*, 126 N. Y. 105; *Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321; *Durst* v. *Burton*, 47 N. Y. 167; *Straus* v. *Victor Talking Machine Co.*, 243 U. S. 490; *Standard Fashion Co.* v. *Magrane Houston Co.*, 254 Fed. Rep. 493; 259 Fed. Rep. 793.) The court properly excluded the oral testimony of the defendants which tended to place their own legal construction upon the meaning of the contract. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175; *Dudley* v. *Perkins*, 235 N. Y. 448.)

Cardozo, J.   Plaintiff, an able seaman on the steamship *President Roosevelt*, was ordered by an officer to paint

the draft numbers on the stem while the steamship was lying in the harbor of Bremerhaven. There is evidence that the stem of the vessel was between two barges overlapping it on either side. Plaintiff stood upon a camel raft or fender, which was intended to keep the vessel from contact with the wharf. The raft was made of logs, with holes between them through which slime and water rose, making it hard to keep a foothold. The difficulty was corrected to some extent by placing planks across the logs, but only two planks could be found. Plaintiff, painting with his right hand, held on to the stem with his left in order to keep steady. There is evidence that he asked his officer for a boatswain's chair, but none was given. The water was in constant agitation through the movement of vessels which were coming into the basin and leaving it. As a result of this movement, one of the overlapping barges was driven against the stem, and struck the plaintiff's hand. He suffered injuries for which he sues.

We think that evidence of negligence, though slight, is not lacking altogether. The defendants' officer admits that the plaintiff's position was one of danger if the steamship was moored with its stem between the barges. He would not order a man, he says, to work in such conditions. He denies, it is true, that there was overlapping except on one side, but in this he is contradicted by the plaintiff and by others. We have evidence, therefore, that the plaintiff was ordered to work in surroundings which were known by his superior to involve the risk of a collision. When we add to this the evidence descriptive of the condition of the raft, we think a basis has been laid for an inference of negligence. A raft, even though unsteady, may be safe enough in some surroundings. Here the overlapping barges charged an employer with a duty to supply protection against sudden and untoward contacts, or so the triers of the facts might find. " It was not necessary that the defend-

ant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye " (*Munsey* v. *Webb*, 231 U. S. 150, 156, quoted in *Condran* v. *Park & Tilford*, 213 N. Y. 341, and *Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317, 320).

The question remains whether the duty of protection was due from the defendants· or from others. The plaintiff sued the United States Shipping Board Emergency Fleet Corporation as the owner or charterer of the vessel, and Roosevelt Steamship Company and Moore & McCormack Company, Inc., as managing agents. The complaint was dismissed as to the charterer, and a verdict rendered against the managers. The contract between the Board and the companies leaves the relation between them uncertain and indefinite. The companies, acting without compensation and as a patriotic service, are to manage the vessels in co-operation with the Board. Many of the things they are to do are specifically enumerated. They are to man, equip, victual and supply the vessels and pay all the costs and expenses incident to the operation, the Shipping Board to supply the necessary funds. They are to exercise reasonable care in maintaining the vessels in a thoroughly efficient state, the Shipping Board to pay for the necessary labor and material. They are to appoint representatives, one for each company, who are to act with a representative designated by the Board, and to be subject to his orders. They are to establish for the purpose of the agency a special organization, apart from their general business. They are to describe themselves as " managing operators " in their dealings with the public while the agency continues, but the privilege is to be theirs to put an end to it at will.

We assume that this contract, standing unexplained, would lay a basis for a finding that the companies so described were the employers of the crew and chargeable with the duties attached to that relation. The defendants

tried to show, however, by evidence of the course of dealing, that the Board was the employer, and that the companies were acting by their representatives in an advisory capacity. They were allowed to show by their witnesses that they did not hire the crew, but the court would let them go no farther. Exclusion of the testimony was placed upon the ground that the contract between the Board and the companies was not subject to contradiction. Some of the questions may have been improper in form, but form was not the basis either of objection or of ruling. Without proof of the shipping articles, the jury were instructed that the relation between plaintiff and the companies was that of servant and employer, and this in the face of the testimony by the witnesses for the defendants that neither of the companies was a party to the hiring. We are unable to uphold these rulings. Even if the controversy were one between the Board and its managers, evidence would be admissible that this gratuitous agency had been modified or abandoned. By express provision, as we have seen, it was terminable at will. But the controversy is not between the Board and the companies. The controversy is between the companies and the plaintiff who takes nothing under the contract either as party or as privy. As to him, the parol evidence rule does not apply at all (*Folinsbee* v. *Sawyer*, 157 N. Y. 196, 199; *Hankinson* v. *Vantine*, 152 N. Y. 20, 30). The defendants should have been permitted to show their relation to the plaintiff by exhibiting and explaining their connection with the enterprise.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.