ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE
COMPANY, LTD., Appellant, *v.* CHILDS COMPANY,
Respondent.

(Argued March 18, 1930; decided May 6, 1930.)

*Herbert B. Lee* and *Harold S. Lyon* for appellant. The trial court was right in submitting the question of assumption of risk to the jury and the Appellate Division erred in holding this to be a question of law and in dismissing the complaint. (*Larkin* v. *N. Y. Tel. Co.*, 220 N. Y. 27; *Brainerd* v. *N. Y., O. & W. Ry.*, 132 App. Div. 498; *Shoninger Co.* v. *Mann*, 219 Ill. 242; *Smith* v. *Baker*, App. Cas. [1891] 325; *Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278; *Dougherty* v. *Pratt Institute*, 244 N. Y. 111; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Yaconi* v. *Brady & Gioe, Inc.*, 246 N. Y. 300; *Texas & Pacific Ry. Co.* v. *Howell*, 224 U. S. 577; *Larson* v. *Nassau Elec. R. R. Co.*, 223 N. Y. 14; *Davidson* v. *Cornell*, 132 N. Y. 228; *Welle* v. *Celluloid Co.*, 175 N. Y. 401; *Murphy* v. *Steeplechase Am. Co.*, 250 N. Y. 479.) The question of contributory negligence was properly submitted to the jury and correctly determined by it. (*Reinzi* v. *Tilyou*, 252 N. Y. 97; *Lawless* v. *Conn. Riv. R. R.*, 136 Mass. 3; *Nicholson* v. *Greely Square Hotel Co.*, 227 N. Y. 345; *Kettle* v. *Turl*, 162 N. Y. 255; Sherman & Redfield on Negligence [5th ed.], § 92; *Palmer* v. *Deering*, 93 N. Y. 7; *Conway* v. *Naylor*, 222 N. Y. 437.)

*Walter L. Glenney* and *Chester H. Lane* for respondent. The risks of the situation were known to plaintiff's sub-

rogee and assumed by him, and his assumption of the risks constitutes a complete defense to this action. (*Lindsley* v. *Stern*, 203 App. Div. 615; *Dougherty* v. *Pratt Institute*, 244 N. Y. 111; *Yaconi* v. *Brady & Gioe, Inc.*, 246 N. Y. 300; *De Gaetano* v. *Merritt & Chapman D. & W. Co.*, 219 App. Div. 242; *Paquet* v. *Pictorial Review Holding Corp.*, 130 Misc. Rep. 389; *Collelli* v. *Turner*, 215 N. Y. 675; *Kline* v. *Abraham*, 178 N. Y. 377; *Weldon* v. *N. Y., N. H. & H. R. R. Co.*, 159 App. Div. 649; *Broadbent* v. *New York Evening Journal Pub. Co.*, 147 App. Div. 133; *Faha* v. *Wynkoop, Hallenbeck & Crawford Co.*, 72 Misc. Rep. 391.) Reversible error was committed in submitting to the jury as an element of damage the medical and hospital expenses, and in admitting in evidence the proof thereof. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.)

CARDOZO, Ch. J. Bellville, an employee of a fish dealer, was injured while delivering fish at a restaurant in Albany. A claim against the employer and the insurance carrier under the Workmen's Compensation Law (Cons. Laws, ch. 67) resulted in an award, which was paid. The effect of the award was to subrogate the carrier to the cause of action, if any, in favor of the employee against the owner of the restaurant (Workmen's Compensation Law, § 29). The carrier, the Zurich Accident and Liability Insurance Company, brings this action against the owner in the right of the injured workman, as assignee under the statute.

The facts, as a jury could have found them, are these: Deliveries of fish and other merchandise were made at the restaurant by means of a sidewalk elevator, which was sent up from the cellar when summoned by a bell. At times, however, as a consequence of a defect in the mechanism, the elevator would stop at a point about three feet below the level of the walk and stand fast until released. Bellville had instructions from the man in charge in the cellar as to what he was to do at such

times. He was to jump upon the platform, pull a chain attached to the operating cables, and shake the elevator from side to side in order to set it free. This he did several times, and brought his provisions down in safety. On the day of the accident, he rang for the elevator, which stuck at the accustomed place. Obedient to instructions he jumped upon the platform, wet from a light rain, and as he landed there, he slipped and fell. The force of the impact caused the elevator to start upward with a bound. In moving, it severed one of his feet protruding into the cellar. Upon proof of these facts, there was a verdict for the plaintiff. The Appellate Division, reversing, dismissed the complaint on the ground that as a matter of law there had been an assumption of the risk.

Bellville was not an employee of the defendant, the owner of the restaurant. There was, therefore, no "assumption of the risk" on his part as an incident to a contractual relation, such as that of master and servant, in which event the assumption may have the force of an implied term of the employment (*Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278, 282, 283; cf. Bohlen, Studies in the Law of Torts, pp. 444, 445, 459, 463). Whether the phrase can be applied with technical precision, in view of the associations it has gathered, to relations not contractual, there is no occasion to determine. If it be so extended for convenience, it stands for nothing more in its application thus enlarged than is expressed in the maxim, *volenti non fit injuria* (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340, 349). The principle compact within the maxim " does not result from an implied term in a contract creating the relation; it applies equally to any relation voluntarily assumed — contractual or not " (Bohlen, Studies in the Law of Torts, p. 441). One will not be heard to complain of results one has invited (*Smith* v. *Baker & Sons*, L. R. [1891] A. C. 325, 360). The question, therefore, is whether Bellville,

leaping on the elevator, was so informed of the dangers inhering in the leap as to be placed in the position of one willing to encounter them.

We think the maxim does not condemn him to bear his loss without requital. The dangerous quality of the act is visible enough now when we view it after the event. It was not so obvious in the doing as to betoken, at least as matter of law, a foresight of the consequences and a readiness to accept them (*Smith* v. *Baker & Sons*, L. R. [1891] A. C. *supra*, pp. 337, 355; *Larson* v. *Nassau El. R. R. Co.*, 223 N. Y. 14, 21; *Fitzgerald* v. *Conn. River Paper Co.*, 155 Mass. 155; Warren, *Volenti non fit injuria*, 8 Harv. L. Rev. 457, 462, 464; Bohlen, Studies in the Law of Torts, *supra*). Bellville had been assured, and assured by the defendant's representative, that the way to start the elevator was to do exactly what he did. He had followed those instructions in the past and followed them in safety. He knew that the leap without more did not set the elevator in motion, but that there was need in addition to shake it violently from side to side and even at times to pull the operating chains. Did he foresee that there was danger of his slipping when he jumped to a platform less than three feet below the walk? Did he foresee that if he slipped, the jar of the fall would set the elevator going? Were the consequences so obvious that as a reasonable man he must have had them in his mind, and have been ready with such knowledge to take the risk that he would suffer them? We think the answer was for the jury.

The same considerations that tend to negative an acceptance of a danger clearly understood supply the answer to the argument that as a matter of law there was contributory negligence. There had been an assurance of safety, and experience tending to confirm it (cf. *Reinzi* v. *Tilyou*, 252 N. Y. 97, 101). Permissible, too, is the conclusion that there was negligence on the part of the defendant in suffering the elevator to remain in a condition so defective. Here as so often, " it was not

necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye " (*Munsey* v. *Webb*, 231 U. S. 150, 156; *Robert* v. *U. S. S. B. E. F. Corp.*, 240 N. Y. 474, 477). So unstable was the elevator that the jar of the leap and the fall released it from its moorings. A jury could fairly say that facilities less precarious should have been supplied by the defendant to those invited to its building.

The verdict, however, is too large, for in it there are items of damage not recoverable by the plaintiff as assignee under the statute. The point was saved upon the trial by appropriate exceptions. The difficulty is this. Under the Workmen's Compensation Law, the medical and hospital treatment of injured employees must be furnished by the employer. This was done by the insurance carrier, acting as the employer's representative, upon report of Bellville's injuries. The bills were substantial, $4,726.50. If Bellville were suing as plaintiff, he could not recover these expenses, for the reason that he had neither incurred nor paid them (cf. *Matter of Sandberg* v. *Seymour Dress Co.*, 242 N. Y. 497; *Matter of Finkelstein*, 252 N. Y. 519); they were paid and incurred by another, acting in the discharge of a statutory duty. He would be in the same position in demanding them as an infant seeking compensation for payments by a father. The insurance carrier suing under section 29 as assignee or subrogee of the injured employee, may recover those damages and those only that could be recovered by the assignor if he were suing for himself (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273). These may be greater at times than any payment that the carrier has had to make, for in them there will be reparation for the pain and the suffering that have been borne by another. At times again they may be less. Whether greater or less, the statute takes no account of profit or of loss, but subrogates generally, for

better or for worse (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co., supra*).

This action having been begun in 1925, there is no occasion to inquire to what extent an amendment of the statute in 1927 (Laws 1927, ch. 553, amending Workmen's Compensation Law, § 13) prescribes a different rule.

The judgment of the Appellate Division should be reversed, and that of the Trial Term modified by deducting therefrom the sum of $4,726.50, and as modified affirmed, without costs in the Appellate Division or in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.