[No. 3519.   March 28, 1931.]

SALAZAR v. GARDE.

[298 Pac. 661.]

O. A. Larrazolo and H. O. Waggoner, both of Albuquerque, for appellant.

George W. Prichard, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J.

Salazar sued Garde for damages for breach of a sheep partido contract, dated November.1, 1928, providing for the delivery to plaintiff by defendant of 300 ewes and for the redelivery of an equal number of ewes of the same ages, at the end of the year, plus 20 lambs for each 100 head of ewes so delivered, and providing that, if for any reason such number of ewes could not be redelivered, three lambs should be accepted as equivalent to two ewes.

As a breach of this contract, it was alleged that on March 14, 1929, the defendant, without just cause or excuse, repossessed himself of the sheep.

Defendant filed a cross-complaint, claiming that plaintiff had violated the contract in such manner that defendant was justified in terminating it and in repossessing the sheep, and was entitled to damages.

A jury found for the plaintiff. Judgment was entered upon the verdict, and defendant has appealed. The parties will be here designated as they were in the trial court.

It is here contended that the trial court erred in overruling defendant's motion for a directed verdict at the close of plaintiff's case. As we have frequently held, however, the motion was waived when defendant went into his own case. State v. Analla, 34 N. M. 22, 276 P. 291.

Errors are also assigned in the matter of receiving and rejecting evidence. These need not be considered, in view of the conclusion we reach.

The controlling question arises out of the instructions. Obviously, one of these parties had violated the contract and was entitled to damages. Obviously, defendant violated it, unless he could show a previous violation by plaintiff. As such previous violation, he pointed to two specific provisions of the contract: First, that plaintiff would "well and carefully herd, graze, feed, shelter * * * and in all respects properly care for the said sheep and the products thereof, in such a manner as a prudent sheep owner would care for his sheep." Second, that plaintiff would not "during the term of his contract, have any other sheep than those covered by this contract in his custody or care, either on rent or shares or otherwise, and second party (plaintiff) hereby warrants that he has not now any such sheep other than his own."

The contract also provided that, if the plaintiff should "fail or refuse to perform the agreements herein specified, or in anyway fail to care for this interest as a prudent and careful sheep owner should, or in case the property

of the party of the first part shall become imperiled or endangered * * * said first party may, at his option, terminate this agreement upon written notice to be given by the said party of the first part to the party of the second part. * * *"

There seems to have been evidence from which the jury might have found that plaintiff had failed to meet the standard of care prescribed in the contract and evidence tending to show that other sheep were mingled with defendant's sheep on plaintiff's ranch. By tendered instructions, defendant requested the court to charge the jury that, if they found that plaintiff had failed to observe either of these undertakings, it would, under the provision last quoted, justify defendant in terminating the contract and let in his claim for damages.

Plaintiff contends that the instructions as given substantially and sufficiently cover these propositions. If so, of course defendant cannot complain. Plaintiff also contends that there is no evidence that he had other sheep in his "custody or care." That we need not decide, since, if true, it would affect only one of the requests.

In substance, the jury was instructed that defendant would be justified in retaking the sheep, if plaintiff "had breached the said contract on his part by failure of performance thereof to the extent of destroying the substance of the contract and rendering it impossible of performance in its vital purposes." He further charged "that the substance and vital purpose of the contract * * * is that on the 31st day of October, 1929, the plaintiff should deliver to the defendant 20 lambs out of every 100 head of sheep rented to him under the contract, and to re-deliver, on December 22, 1929, to defendant the number of sheep so rented of similar ages and kinds and of equally good quality. * * * It was for the purpose of aiding you in considering whether or not the plaintiff had acted, with reference to said contract, or had failed in his performance thereof, in such a manner as to destroy its substance and render it impossible of performance, that evidence was permitted to be introduced pro and con as to the care or

lack of care of said sheep by plaintiff, the grazing conditions under which they were maintained, their physical condition, etc., on or about March 14, 1929."

According to these instructions, defendant could only justify terminating the contract by proof that plaintiff's neglect had been so great as to make it impossible for him five or six months hence to deliver ewes of the like numbers, ages, and conditions, and the specified number of additional lambs. Whether so strict a rule should be laid down in any case, we need not consider. In this case we think the instruction erroneous. The parties by their contract had adopted a different and apparently higher standard of duty than that to which the learned trial judge held plaintiff. Moreover, even if the instructions could be held correct in the abstract, defendant had a right to specific instructions as to what conduct within the evidence would constitute a breach by plaintiff. The rights of the parties were governed by a written contract which it was the duty of the court to interpret if substantial evidence required.

For the error pointed out, the judgment will be reversed, and the cause remanded, with a direction to grant a new trial. It is so ordered.

PARKER and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.