## HIGBEE CO v HOLMES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12960. Decided Feb 3, 1933

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.

J. R. Kistner, Cleveland, for plaintiff in error.

M. C. Harrison, Cleveland, for defendant in error.

**BLOSSER, J.**

The question is not without difficulty. The trial court may have considered that the defendant did not use ordinary care in this: that while the store had been visited by hundreds and thousands of people daily this was the plaintiff's first visit and that having seen that the store generally was illuminated by indirect light she would not expect to encounter the direct rays and glare of a powerful light as she entered the basement and had no warning of the same; that had all the lights been direct or uniform she may not have been misled, and as testified by one of the experts good practice required that there should be removed from the range of vision sources of light that produced a glare, and that a shade should have been placed over the fixture to have prevented the glare complained of.

The plaintiff was in the store as an invitee.

"One who expressly or by implication invites others to come upon his premises must exercise ordinary care to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for the invitee." **Baseball Co. v Eno, 112 Oh St 175.**

In **Kresge Co. v Fader, 116 Oh St 718,** it is said:

"Owners or lessees of stores owe a duty to the patrons of the store to exercise ordinary care to prevent accident and injury to the patrons while in the store, but they are not insurers against all accidents, and injuries to such patrons while in the store."

With reference to the question of the negligence of the defendant it may be just as much negligence to have an illuminating system with fixtures and bulbs of such power and so placed as to cause too much light and glare, so as to affect the eyes and cause persons to be temporarily blinded, as it is to have an insufficient light. This is especially true if the indirect lights are so placed as to mislead one into believing that all the lights are indirect.

On the evidence presented in this case different minds might reach different conclusions on the question of negligence. Negligence is almost always to be deduced as an inference of fact from several facts and circumstances disclosed by the evidence after their connection with the matter in issue has been considered. If unbiased minds would differ as to such inferences the conclusion of the court or jury will not be disturbed by a reviewing court. 20 R. C.L. 160, §141; 45 C.J. 1370. The Supreme Court of Ohio has recognized this principle in the case of Scovanner v Toelke, 119 Oh St 256. So, also City Railway Co. v Shively, 17 Oh Ap 172. Paragon Refining Co. v Higbea, 22 Oh Ap 441 (3 Abs 703).

Although were we hearing the case in the first instance, instead of reviewing the record of the court below, we may not have unqualifiedly arrived at the conclusion reached by the trial court, yet we realize that upon the evidence presented different minds might reach different conclusions as to the defendant's negligence. Where the court has heard the case without the intervention of a jury, and where upon the evidence presented reasonable minds might reach different conclusions as to whether such evidence constitutes negligence, this court will not disturb the conclusion reached by the trial court unless the conclusion was clearly wrong and unjustified, for a reviewing court will presume that all proper rules of law were applied to the facts of the case. Scovanner v Toelke, supra.

We do not feel justified in interfering with the judgment of the trial court, especially in view of the fact that the record does not disclose any other prejudicial error of law occurring at the trial.

Judgment affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.