**109 P.2d 775**

**SNODGRASS v. TURNER TOURIST HO-
TELS, Inc.**

**No. 4577.**

Supreme Court of New Mexico.

Jan. 10, 1941.

Harris K. Lyle, of Gallup, for appellant.

Rodey & Dickason and Wm. A. Sloan, all of Albuquerque, for appellee.

MABRY, Justice.

Appellee, plaintiff below, recovered judgment from appellant, defendant below, upon the verdict of a jury in a personal injuries case and defendant appeals.

· Plaintiff sustained personal injuries resulting from a fall at the entrance of defendant company's hotel in the town of Gallup and was awarded $3,341 by the jury. Defendant challenges the verdict and judgment upon the following grounds: (1) That the evidence of defendant's negligence was insufficient to justify the verdict; (2) that the court erred in giving and refusing certain instructions upon the issues of contributory negligence and assumption of risk.

Defendant owned and operated a hotel at Gallup. On the night of August 19, 1939, plaintiff went upon the premises to obtain accommodations and fell in undertaking to negotiate steps at an entrance to the hotel. She sustained severe bruises to both knees which, thereafter and within some four or five weeks, developed into a serious injury. It appears that plaintiff, in company with others, approached the hotel after dark and at a time when the front and main entrance

and driveway was crowded with parked automobiles; that plaintiff's car was parked upon a parking lot on the hotel premises and just off the front driveway and to the east side of the main entrance; that in approaching the hotel she took a route across an open and paved but not well lighted, patio (court) to the regular side, or east-end, approach to the main porch and entrance; that there was a change of grade from the floor level of the patio to that of the main porch, and this grade was accommodated by three poorly lighted fan-shaped steps of the same color as the dark red patio surface; that in addition to there being insufficient light to make properly visible the lower of the three steps leading from the patio floor level to the porch floor, as plaintiff approached these steps she was faced with a strong and glaring floodlight playing upon the hotel. This floodlight was placed some 100 feet to the north and away from the hotel, and played upon the front and east side of the building. This strong light, striking directly at face level as she turned to negotiate the steps, together with the lack of sufficient light upon the steps themselves, caused plaintiff to trip on the first step of the approach and fall. Plaintiff charges the accident to the combination of darkness at an obstacle—the steps to the porch, themselves somewhat unusual in design—and a blinding floodlight.

It is not disputed that plaintiff sustained the injuries complained of, that the damages recovered are not excessive, or that the injury is connected with the fall.

We will first notice the assignment that the evidence was insufficient to justify the verdict.

■ Counsel for defendant, in an able brief, cites numerous authorities which he contends uphold defendant's theory that plaintiff was contributorily negligent in attempting to negotiate the dark patio. But the cases relied upon clearly present different and distinguishable facts. Plaintiff did not start or walk blindly into the danger which overtook her. The issues of defendant's negligence and that of contributory negligence were for the jury, which resolved the issue in favor of plaintiff, both by its general verdict and its special findings. See Criswell v. Bankers' Mortgage Co., 128 Kan. 609, 278 P. 722; Adams v. Mohican Hotel, 124 Conn. 400, 200 A. 336; Chardon Lakes Inn Co. v. MacBride, 56 Ohio App. 40, 10 N.E.2d 9; Painsville Utopia Theatre Co. v. Lautermilch, 118 Ohio St. 167, 160 N.E. 683. See also 20 R.C.L. 169, par. 141, and 45 C.J. 1370, on question of inferences which jury may draw from the evidence in negligence cases. The question of too much and misplaced light, under the circumstances, becomes just as important as that of not enough light properly placed. See Higbee Co. v. Holmes, 45 Ohio App. 473, 187 N.E. 308, 310.

■ It cannot be successfully urged that plaintiff chose a dangerous way of

entrance when the regular, and safe, one was open. It is true that most patrons use the main, or front, entrance, reached by a circular drive leading up to the front door. However, accommodation is also provided for those desiring to reach the entrance from the end of the porch over the steps plaintiff endeavored to use. The parking ground obviously available for patrons, and the attractive flagstone covered patio to be crossed in order to reach the fan-shaped steps at the end of the porch, though at a distance of some 150 feet from the parking space, indicate that this is a public entrance which patrons are invited to use. In making available such secondary entrance way patrons of the place might rely upon the implied assurance of the hotel that it has provided reasonably safe facilities for their use. Upon approaching and entering a public place the patron is not necessarily required to take the better of two entrances, so long as the one taken does not present such obvious hazards as would deter an ordinarily prudent person from attempting it under the circumstances.

It is true that the first portion of the patio over which plaintiff traveled to reach the east-end entrance to the porch was poorly lighted. Just how little light there was is a matter of much conjecture. Plaintiff herself speaks of a portion of it being very dark. Defendant lays much stress upon the testimony of plaintiff upon this point. It points out that plaintiff recklessly assumed the risk of a fall and injury when she undertook to cross the darkened patio on her way to the steps and door entrance. Defendant overlooks the fact that the point to which plaintiff's steps were directed was the east entrance to the porch, where there was some light, and where there would have been enough perhaps but for the blinding and neutralizing effect of the floodlight whose beams hit her directly in the face as she turned just within a pace or two of the steps she intended to mount. The steps themselves were not of the ordinary or conventional pattern. They were built in fan shape, spreading at the ground step to a width of approximately 8 feet, and turning in a perfect semi-circle as they reached the top, or porch level. The circumference, or outside spread, of the "fan" was away from the building and to the northeast. One approaching the building from the direction from which plaintiff came must, or at least would ordinarily, turn at something of a right angle and face north to northwest before taking the first step. It is upon this turn and at just about the moment she was mounting the first of the flight of three steps, that the floodlight struck directly into plaintiff's face and she mistook the position of the first step to the porch and fell.

Plaintiff does not complain of injury received in the darkness of the patio which she had to cross before nearing the lighted side of the hotel and the steps. She encountered no difficulty in that crossing. Even though she may have groped her way with considerable caution for a portion of the short way across the rather dark patio,

she had a right to assume that the common entrance to the building which could be seen by the reflected, or other, light from the porch, would be safe for her use. We need not speculate upon whether, but for the blinding floodlight, there would have been sufficient light over that end of the porch to have guided her step. There was some light. Plaintiff claims there was not enough. She is not required to too clearly define the character of light serving the entrance at the steps, or to say whether, without the floodlight in her face accentuating the darkness on the first and lowest step, she would have fallen, nevertheless.

 There was sufficient evidence · of poorly and improperly lighted and dangerous steps at the entrance to support the jury's verdict of negligence on the part of defendant in so maintaining them, when we view the evidence and the inferences to be drawn therefrom in a light most favorable to plaintiff, as we have many times said we must. Lyons v. Kitchell, 18 N.M. 82, 134 P. 213, Ann.Cas.1915C, 671; Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706.

There is no evidence upon which to charge contributory negligence unless it be that plaintiff negligently walked across a rather dark patio to reach the entrance. As we have heretofore pointed out, plaintiff encountered no lurking danger in the somewhat dark passage of some 150 feet which lead to the vicinity of the steps. The dangerous facilities were maintained where there was some semblance of ordinary light and where plaintiff had a right to believe she would not be blinded by the counter effect of a floodlight striking her upon the necessary change in direction in order to negotiate the entrance steps.

 Defendant urges that plaintiff should have used the front, or east, entrance. We need only point out that this was not the exclusive entrance; and, the circular walk-way leading from where it was necessary to park the car would have required further walking, was unpaved, and, so far as the evidence shows, as to part of it, may likewise have been poorly lighted; and, there were cars parked along the entire front and passageway. But, in any event, the way chosen was one of the two obviously open and supposedly safe routes. The jury found against defendant's contention, and there is substantial evidence to support its verdict; and, we cannot say, as a matter of law, that plaintiff was contributorily negligent in choosing the route she took.

 We cannot weigh this very conflicting evidence upon how much or how little light there was at the steps or out in the patio. When we find any substantial evidence of defendant's negligence to support the verdict and, in addition, find any substantial evidence to support the jury's finding that plaintiff could not be charged with contributory negligence, our inquiry must end. And we find such evidence here.

 Plaintiff cannot · be charged with assumption of the risk unless it be shown that she knew of the dangerous condition which she was to encounter. 2 Restate-

ment of Torts, Sec. 466. There is no evidence in the record that she was taking a blind chance at the steps which she could see by the reflected, and other, light. In fact, it might be said that the light about the steps which could be seen from her starting point at the parking lot 150 feet away, afforded an implied invitation to take the way, chosen.

An additional assignment is based upon the court's instructions numbers 30 and 31, coupled with its failure to further instruct upon assumption of risk. Defendant does not question that instruction number 30, to which it took no exception, which placed the burden of proof upon that issue on defendant, is correct as an abstract proposition of law (Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540), but it contends that this instruction, taken in connection with number 31, placed an undue burden of proof upon defendant and "was misleading." We do not think it necessary to set out the instructions so complained of or those upon this point which were requested and refused. We say simply that our appraisal of them does not support defendant's views.

There is no evidence that plaintiff was injured in some very dark spot on the premises, or while she was crossing a somewhat darkened path. The evidence shows the injury occurred after she had negotiated the crossing of the patio and where there was too much, though poorly diffused, light from one source, at least, rather than that it was "very dark" at the place of the fall.

Other errors assigned have to do with the trial court's failure to give further requested instructions. We have examined these additional assignments and find no merit in them. As to one of these refused requested instructions, the court was asked to repeat in somewhat different, and less impartial, language what had already been properly set out in other instructions given without objection. Such refusal affords no basis for error since defendant's theory of the case was adequately presented by instructions given. Larsen v. Bliss, 43 N.M. 265, 91 P.2d 811; Diamond X Land & Cattle Co. v. Director General, 27 N.M. 675, 680, 205 P. 267. We examine the instructions as a whole in considering whether any issue was fairly submitted. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214.

Another requested instruction refused may be a correct statement of abstract law, in part, but it is inapplicable to the case at bar. It would instruct, in substance, that plaintiff would be negligent in choosing a path leading to the premises if *any portion* of it was so dark that she could not see where she was going. This requested instruction is clearly vulnerable. It does not consider that plaintiff may have been injured at a place where it was not wholly dark (as was, in fact, the case) and where she could not have been expected to anticipate the additional dangerous conditions that confronted her.

Moreover, it cannot be said that the instructions given by the court did not cover

fully the theory of defendant's case. This includes the questions both of contributory negligence and assumption of risk as they were influenced by the evidence of darkness in the case.

Finding no error, the judgment will be affirmed, and, it is so ordered.

BRICE, C. J., and ZINN, SADLER, and BICKLEY, JJ., concur.