258 P.2d 369

### STEWART v. OBERHOLTZER.
No. 5638.

Supreme Court of New Mexico.

June 11, 1953.

W. C. Whatley, W. B. Darden and La-Fel E. Oman, Las Cruces, George L. Zimmerman, Carrizozo, for appellant.

Garland, Sanders & Cooney, Las Cruces, for appellee.

COMPTON, Justice.

This action grew out of the alleged wilful and malicious shooting of three horses by appellant, the property of appellee. By answer, appellant denied the shooting. The cause was tried to a jury which found the issues generally for appellee. Judgment

was entered on the verdict and the appellant appeals.

At the time of the incident involved, appellee was residing in Ruidoso, and operating a riding stable. In connection therewith he was using some thirty-five to forty head of horses, some of which were valuable show horses. He held a lease on forty acres of unfenced land, about one and three-fourths miles from appellant's home, on which he permitted his horses to run at large at night. Appellant maintained a home on a small unfenced tract in the village of Ruidoso in the Country Club Heights Subdivision, which was planted to a lawn, flowers, and shrubs. He had expended a large sum of money, some $40,000, in constructing his residence and decorating his premises. On the evening of August 25, 1951, at about 10:30 p. m., appellee's horses wandered onto appellant's premises. A floodlight was on and when appellant observed the animals in his yard, without making an effort to drive them away, he shot them with a rifle at close range, a distance of approximately twenty-five feet. A dun horse was shot in the left hip about the stifle joint; a palomino was shot in the withers; and a sorrel horse was shot in the rump. As a result of the injuries sustained, their values were greatly reduced, if not totally destroyed.

■ It is claimed that the court erred in refusing to submit appellant's theory of the case to the jury. As previously stated, he had entered a general denial but at the hearing, admitted shooting the horses and requested the court to instruct the jury that he was entitled to exercise such force as was reasonably necessary to expel the livestock from his premises so as to protect his property. In this jurisdiction, it is prejudicial error to refuse to instruct specifically on a litigant's theory of the case, providing such theory is pleaded and there being evidence to support it. Salazar v. Garde, 35 N.M. 353, 298 P. 661; Clay v. Texas-Arizona Motor Freight, Inc., 49 N.M. 157, 159 P.2d 317. But there was no basis for the requested instruction. There was neither pleading nor proof to support such theory. Appellant did not counterclaim for trespass nor offer evidence that any injury had been done him or his property or that the same was in anyway threatened, or that an effort was made to drive the animals from the premises. Moreover, his claim of right to the use of reasonable force for the protection of his property, is inconsistent with his denial of the shooting.

■ Error is further charged that the court unduly commented upon the weight of the evidence, and in effect, directed the jury to return a verdict for appellee. We do not so appraise the court's action. It is conceded that appellant's premises are not within a so-called herd law district. The objectionable instructions read:

"3. There are no facts shown by the evidence which could justify or excuse the defendant for doing this shooting. * * *

"4. It appears without dispute that the horses, and each thereof, were upon the defendant's premises at the time of the shooting, * * * If you find the defendant's premises were not fenced as provided by New Mexico statutes as hereinabove defined, the defendant had a right to drive the horses and each thereof away from the premises, and he had a right to do whatever was necessary to frighten the horses away. He had no right to go further, however. He had no right to shoot the horses, or any one of them merely because the horses were on his premises, or even if the horses were doing some injury to the defendant's lawn, flowers, or shrubs, or property or something of that sort. He had no right to attempt to kill or injure the horses merely because the horses were on his premises. In case you find that the plaintiff is entitled to your verdict, you will then assess the plaintiff's damages caused by this shooting. Otherwise you will find for the defendant."

We think the court correctly instructed the jury. The fence statute, section 49–1801, 1941 Comp., specifies the duty of the property owner for the protection of his property. The section reads:

"Every gardener, farmer, planter or other person having lands or crops that would be injured by trespassing animals, shall make a sufficient fence about his land in cultivation, or other lands that may be so injured, the same to correspond with the requirements of the laws of this state prescribing and defining a legal fence."

■■ Thus, where the running of livestock is lawful, it is the duty of the owner of property to effectively enclose it should he desire to keep roaming stock off his premises. Gallegos v. Allemand, 49 N.M. 97, 157 P.2d 493, 158 A.L.R. 373; Bolten v. Gates, 105 Colo. 571, 100 P.2d 145. The effect of the statute is to deny a defendant the right to exercise force in expelling trespassing livestock from his premises, unless the trespass is wilful. Gallegos v. Allemand, supra.

The conclusion reached disposes of other questions. The judgment should be affirmed, and it is so ordered.

McGHEE, COORS and LUJAN, JJ., concur.

SADLER, C. J., not participating.