345 P.2d 217

**L. H. TERRY, Plaintiff-Appellee,**

v.

**L. A. BISWELL and B. C. Eppler, Defendants-Appellants.**

**No. 6495.**

Supreme Court of New Mexico.

Aug. 7, 1959.

Rehearing Denied Aug. 31, 1959.

Atwood & Malone, Charles F. Malone, R. D. Mann, Roswell, for appellants.

William J. Heck, Hobbs, Leonard Howell, Midland, Tex., for appellee.

McGHEE, Justice.

At 7:30 P.M., on the evening of January 23, 1956, the plaintiff, L. H. Terry, in attempting to cross Main street in Lovington, New Mexico, was struck down and severely injured by an automobile owned by defendant B. C. Eppler and driven by defendant L. A. Biswell.

Terry brought an action against Biswell and Eppler and the case was tried to a jury which returned a general verdict for the plaintiff together with an answer to a special interrogatory finding that the plaintiff was outside the crosswalk at the time of the collision. Defendants' motion for judgment notwithstanding the verdict was granted on the basis of an inconsistency between the general verdict and the special interrogatory.

Plaintiff's motion to vacate the judgment entered for the defendants was denied and he appealed. This court reversed that ruling and ordered the trial court to reinstate the jury verdict for the plaintiff and render judgment thereon. 1958, 64 N.M. 153, 326 P.2d 89. Defendants then moved for a new trial. Before the motion for a new trial was acted upon, they appealed to this court in order to avoid the 30 day limitation on appeals.

The first contention of error relied on by the defendants for reversal revolves about the refusal of the court to give defendants' instruction No. 4 based on section 64–18–33(b), 1953, N.M.S.A. This instruction reads as follows:

"The law of New Mexico provides that no pedestrian shall suddenly leave the curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

"You are therefore instructed that if you find by a preponderance of the evidence that Plaintiff suddenly left a curb or other place of safety and walked or ran into the path of Defendants' vehicle at a time when the vehicle was so close to Plaintiff that it was impossible for Defendant to yield to

Plaintiff. and if you further find that this conduct on the part of Plaintiff proximately contributed to cause the

accident and Plaintiff's injuries then your verdict in this case must be against the Plaintiff and in favor of Defendants and you will not grant damages to Plaintiff."

The defendants were entitled to this instruction if there was sufficient evidence to support it. Salazar v. Garde, 1931, 35 N.M. 353, 298 P. 661; Clay v. Texas-Arizona Motor Freight, Inc., 1945, 49 N.M. 157, 159 P.2d 317; Stewart v. Oberholtzer, 1953, 57 N.M. 253, 258 P.2d 369. There is no conflict in the evidence bearing on this point. Plaintiff was first seen by the defendants and other witnesses after he had crossed the center line and entered the lane in which defendants were traveling. None of the witnesses saw plaintiff leave the curb or even saw him cross the center line. The only evidence on this consists of the testimony of the plaintiff who stated that before leaving the curb he looked both ways and that he again looked both ways on reaching the middle of the street, and at that time saw the defendants' car approaching about 120 feet away. Plaintiff's action in crossing the street, according to this testimony, was deliberate and careful. There is no evidence whatsoever of his "suddenly leaving the curb or other place of safety" and moving into the path of defendants' vehicle.

On the basis of the evidence, the defendants were not entitled to the requested instruction. · · · · ·

Defendants next contend that the court erred in giving instruction No. 12, in that it unduly emphasizes a contributory negligence rule favorable to plaintiff. It reads as follows:

"The mere fact that some act or omission of the plaintiff contributed to his injury does not of itself bar recovery by him. The plaintiff is barred from recovery under the theory of contributory negligence only if some conduct of his was negligent and was also a proximate cause of his injury.

"Have in mind also that the defense of contributory negligence is an affirmative defense, and if it has not been established by a preponderance of the evidence, your finding must be in plaintiff's favor on that issue."

It is true that instructions which are repetitious or unduly emphasize certain portions of the case or law should not be given and if carried to the point where they are prejudicial such would constitute reversible error. See City of Los Angeles v. Frew, 1956, 139 Cal.App.2d 859, 294 P.2d 1073; Clarke v. Hubbell, Iowa 1957, 86 N.W.2d 905.

After carefully reviewing the three instructions involved under this point, we do not find in instruction 12 repetition or emphasis sufficient to comprise error and warrant reversing the judgment. · · · ·

Defendants' final claim of error says the jury verdict was a compromise and as such should be set aside and a new trial granted.

█ Before examining this contention it is necessary to resolve a problem raised by plaintiff concerning the necessity of pointing out non-jurisdictional errors to the trial court before requesting review by the Supreme Court. An error as to non-jurisdictional matters cannot be raised for the first time on appeal. See our Rule 20 and Thomas v. Johns, 1930, 35 N.M. 240, 294 P. 327.

The defendants answer this contention with the statement that until the judgment in their favor was set aside and one entered for the plaintiff there was no occasion for them to complain that the verdict was a compromise. They say that they raised the question as to the compromise verdict in paragraphs 2 and 3 of their motion for a new trial which read:

"2. The verdict of the jury is against the weight of the evidence.

"3. The jury was confused on certain instructions and thus returned an improper verdict."

█ The evidence showed the plaintiff had incurred $6,150 in medical and doctor bills to the time of trial, that he had been unable to work for a year and a half, and had theretofore earned approximately $4,000 per year, and by reason thereof the defendants argue the verdict must have been a compromise. They say, therefore, they are entitled to urge this claim for reversal on the two grounds of their motion for a new trial above quoted. We will treat it as raised under ground two, as under the evidence the plaintiff was entitled to more damages when the verdict was in his favor, so we will pass upon the point.

█ It is unusual for a defendant to make the claim that the damages awarded were inadequate, although there are many cases where the plaintiff has urged such in his attempt to get a new trial. This is a new question in this court but we are, however, not without authority from other jurisdictions.

In an annotation in 31 A.L.R. 1105 we find the following:

"In an action in tort, the amount of damages being unliquidated, the appellant has no ground to complain that the appellee recovered less than he should."

This statement is supported by cases from Alabama, California, Florida, Georgia, Illinois, Kansas, Michigan, Mississippi, Missouri, New Hampshire, South Carolina, South Dakota, Tennessee, Texas, Washington and Wisconsin.

There is also a supplemental annotation on the same subject in 174 A.L.R. 798, where cases from twelve additional juris-

dictions are cited in support of the majority rule.

Although there is authority to the contrary, we are of the opinion and hold that the majority rule as above set out that a defendant may not raise the question of inadequacy of damages is the better one, and we will follow it.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and COMPTON, CARMODY, and MOISE, JJ., concur.