365 P.2d 912

Paul REED and Montgomery Ward & Company, a corporation, Plaintiffs-Appellants,

v.

Thomas G. STYRON, d/b/a Styron Construction Company, a corporation, Defendant-Appellee.

No. 6802.

Supreme Court of New Mexico.

Aug. 21, 1961.

On Motion for Rehearing Nov. 1, 1961.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant Reed.

Botts, Botts & Mauney, Albuquerque, for appellant Montgomery Ward & Co.

Keleher & McLeod, Albuquerque, for appellee.

NOBLE, Justice.

This appeal results from a jury verdict for defendant in an action for injuries received by plaintiff in falling down a stairway in the Albuquerque store of Montgomery Ward & Company. We shall refer to the parties as they appeared in the lower court except that Montgomery Ward & Co. will be referred to as "Wards."

The stairway connecting the second and third floors had become worn, and defendant, an independent contractor, had been employed by Wards to repair the stairs. Defendant placed new stair treads of fir boards over the worn treads. Plaintiff was a salesman in the hardware department in the basement. Needing garden hose for his department, he used the elevator to go to the third floor storeroom where he got three lengths of hose, carrying two of them over his right arm and the third in his left hand, returning by way of the stairway which had recently been repaired. Upon descending three or four steps, the outside edge of one of the steps broke off causing plaintiff to fall sprawling to the next landing and resulting in injuries to plaintiff's back. Wards joined as a plaintiff to recover the compensation paid by them to plaintiff under the Workmen's Compensation Act.

The case was tried on the issues of defendant's negligence, contributory negligence and assumption of risk on the part of the plaintiff, and the contributory negligence of Wards.

A decisive point relied upon by plaintiff Reed for reversal is the claimed error in submitting to the jury the issue as

to whether plaintiff should be denied recovery under the doctrine of voluntary assumption of risk. Plaintiff asserts that it has no quarrel with the language of the instruction on assumed risk, but contends that there is no evidence to warrant the giving of the instruction at all and that giving it resulted in prejudicial error.

We call attention at the outset that many writers criticize the doctrine of assumption of risk, at least in the absence of a contractual relationship or that of master and servant. See Harper & James, the Law of Torts, Vol. 2, Sec. 21.8 at page 1191, where the criticism is summarized. That the doctrine is confined to cases arising out of the relation of master and servant or at least to those based upon contract, has some support in this jurisdiction in Rutherford v. James, 1928, 33 N.M. 440, 270 P. 794, 63 A.L.R. 237. That decision has apparently been generally overlooked and not followed by later decisions of this court. We have found Rutherford considered only in Tyler v. Dowell, Inc., 10 Cir., 274 F.2d 890, where a direct answer to the question was not given. Since Rutherford, this court has assumed, without discussion, that assumption of risk is available as a defense in many types of cases. See Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362; Bogart v. Hester, 66 N.M. 311, 347 P.2d 327; Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712.

It has been held in the large majority of jurisdictions that applicability of the doctrine of assumption of risk, or its alias, *volenti non fit injuria,* does not depend on a master and servant or in fact, any type of contractual relation. Shearman & Redfield on Negligence, Vol. 1 (Rev.Ed.), Sec. 135; 38 Am.Jur., "Negligence," Sec. 171; Dec. Dig., "Negligence," Key Number 105. There is no valid basis for restricting the doctrine to such cases. As observed by Chief Justice Cardozo in Zurich Gen. Accident & Liability Ins. Co. v. Childs Co., 253 N.Y. 324, 171 N.E. 391, the principle should be applicable to any relation voluntarily assumed and such relation can exist with or without contract. If there be any doubt that the rule regarding assumption of risk, announced in Rutherford v. James, supra, has been abandoned in this jurisdiction, it is here expressly overruled.

We recently set forth in Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740, the elements necessary to bar recovery under the doctrine of assumption of risk as: (1) the plaintiff must know of the defect, (2) appreciate the danger, and (3) voluntarily assume the risk. He is presumed to know and take notice of those risks and defects which are obvious, but he does not assume the risk, at least as a matter of law, of a latent danger of which he is unaware.

It is charged that the negligence of the defendant consisted in placing a fir board

over the old treads; that the new boards were not strong enough for the purpose; and, that defendant had not placed a moulding under the overhanging portion of the new tread to support weight on its outer edge.

Thus, the danger or risk that plaintiff is claimed to have assumed was that of the treads on the stairs breaking off when stepped on. Surely, such a risk or danger is not one inherent in a stairway which one assumes merely by using a stairway. On the contrary, as an employee on the premises of his master, he was free to assume that the stairs, in general use, were reasonably safe to walk upon. Fishburn v. International Harvester Co., 157 Kan. 43, 138 P.2d 471; Safeway Stores, Inc. v. Phelps, 201 Ark. 495, 145 S.W.2d 337; Shearman & Redfield on Negligence, Vol. 2 (Rev.Ed.), Sec. 226.

It is not contended that plaintiff had actual knowledge of the defect when he started to descend the stairway. The defect was not one inherent in stairs in general of which plaintiff should have had knowledge. Were there surrounding circumstances making the danger in this instance so obvious that he must be deemed to have known it?

A party is entitled to an instruction on his theory of the case if such theory is pleaded and supported by evidence. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217;

Salazar v. Garde, 35 N.M. 353, 298 P. 661; Stewart v. Oberholtzer, 57 N.M. 253, 258 P.2d 369; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699 and Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028.

Defendant relies upon the fact that barricades at the top and bottom of the stairs, used during the repair work, were visible although pushed aside and that the edges had been broken from some steps as establishing an unsafe condition of which plaintiff knew or had warning. Regarding the barricades, the uncontradicted evidence is that the stairway was barricaded during the repair work by a sawhorse placed across the stairway opening or by a rope or both a rope and sawhorse, but that at the time of the accident, the sawhorse had been removed and placed to one side and the rope or ropes were untied at one end and hanging from the other. It is not denied that the stairway at that time was in general use. As to the broken steps, it was testified that the protruding lip of several steps had broken and that one broke with a stockroom employee, but these facts were unknown by plaintiff. The testimony of the stockroom employee was to the effect that the broken steps should be obvious to one ascending the stairs but could only be discovered by one descending, by close examination and by comparing the width of the stair boards.

Plaintiff, who regularly worked in the basement, was using the stairs for the first

time after their repair, and went to the third floor by the elevator. He had only descended three or four steps when the accident occurred. No conflicting evidence has been pointed out to us on these points.

> "For the plaintiff to be barred under this doctrine it must be shown that he had knowledge of the dangerous condition which he was to encounter."

Barakos v. Sponduris, supra, 64 N.M. at page 130, 325 P.2d at page 715. Since here, under the circumstances, the defect could only be discovered by one descending the stairs by a close inspection, it was not a patent danger of which plaintiff was bound to take notice. The doctrine of assumption of risk is not applicable under the facts. Barakos v. Sponduris, supra; Snodgrass v. Turner Tourist Hotels, Inc., 45 N.M. 50, 109 P.2d 775.

■ It is error to instruct on a proposition of law not supported by the evidence. Martin v. La Motte, 55 N.M. 579, 237 P.2d 923; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507. We must assume that the jury considered the instruction and may have been misled to plaintiff's prejudice.

While the error in giving the instruction on assumption of risk is decisive of this appeal, we nevertheless discuss an additional point since a new trial on the issues will be required.

■■ Two inter-connected grounds are urged for reversal: (1) that the jury was permitted to bar Wards' recovery for reimbursement under the Workmen's Compensation Act because of its own negligence, and (2) the instructions failed to distinguish between the plaintiffs Reed and Wards in their reference to "plaintiff" so that the instructions were confusing and the jury may have been led to the mistaken belief that negligence of the plaintiff Wards would bar recovery of the plaintiff Reed. We are not satisfied that there was error in these instructions; but if there is confusion, let us try to dispel it.

The first part of the point is settled by our decision in Royal Indemnity Co. v. Southern California Petroleum Corp., 67 N.M. 137, 353 P.2d 358, in which it was held that Sec. 59–10–25, N.M.S.A.1953 Comp., is a reimbursement statute and provides a right of reimbursement for benefits paid under the Workmen's Compensation Act by an employer who is negligent or whose negligence concurs with that of a third person in causing the injury. There is only a single cause of action in the employee against the third person and the right of the compensation insurance carrier to reimbursement follows the success or failure of the employee against such third person. As to the second part of the point, i. e., the complaint of the failure to clearly distinguish between the two plaintiffs in the instructions, a clear distinction

should be made as to which plaintiff is the subject of the reference.

■ Finally, the plaintiff Wards complains of the refusal of the trial court to permit it to include in its claim for reimbursement under Sec. 59–10–25, N.M.S.A. 1953 Comp., attorneys fees allowed by the United States District Court to the injured employee's attorney in the action by the injured employee against Wards. It is agreed that this presents a question of first impression in this jurisdiction. Indeed counsel are agreed that because of differences in statutory language, decisions from other jurisdictions would not aid in a construction of the language of our statute. Many states have reimbursement statutes but no decisions of other jurisdictions have been cited and we have found none pertinent to the question here involved.

Sec. 59–10–25, N.M.S.A.1953 Comp., so far as pertinent, reads:

"The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act (§§ 57–901—57–931 (59–10–1 to 59–10–37)), but he or they, as the case may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or (of) any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman or his legal representative or others may have against any other party for such injuries or death. * * *"

The accident, out of which this action arose, occurred in 1957 prior to the effective date of Chapter 67, Laws of 1959 and attorneys fees are governed by Sec. 59–10–23, N.M.S.A.1953 Comp., Pocket Supp. (Ch. 274, Sec. 1(d) Laws 1955) providing that it shall be unlawful to collect or receive from any beneficiary under the Workmen's Compensation Act more than 10% of the amount received by such beneficiary on account of injuries to any workman with the following exception:

"In all cases where compensation to which any person shall be entitled under the provisions of this act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount tendered by an employer prior to the court proceedings then the compensation to be paid the attorney for the

claimant shall be fixed by the court trying the same or the supreme court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of this Act."

Counsel for the opposing parties place their emphasis upon different phrases of the language of Sec. 59–10–23, supra, in urging opposing construction of the statute. Plaintiff argues that the language (Sec. 59–10–25, supra):

> " * * * the receipt of compensation from such employer * * * shall operate as an assignment to the employer * * * or (of) any cause of action *to the extent of the liability of such employer to such workman* occasioned by such injury * * *" (Emphasis added).

authorizes the added attorneys fees to be included. Defendant, on the other hand, places the emphasis on the final words, "occasioned by such injuries."

We think the answer, however, is to be found in prior language of the same paragraph of the section of the statute, which reads:

> "The right of any workman, * * * entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer * * * shall not be affected by this act, but he * * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer * * * or (of) any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury * * *."

In statutory construction, the inquiry is to determine what particular words, clauses or provisions mean and to determine the legislative intent. Statutes are enacted as a whole and each part should be construed in connection with every other part to ascertain the intent, and where a comparison of one clause with the statute as a whole makes a meaning clear the act must be so construed as to make the whole consistent. Sutherland Statutory Construction (3rd Ed.), Vol. 2., Sec. 4703.

> "A statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one which will carry out and the other defeat such manifest object, it should receive the former construction."

Sutherland Statutory Construction, Sec. 4704.

 Applying the rule of construction, it is manifest that the legislature intended that (1) an injured workman shall not be denied the right to recover damages caused by the negligence of a third person because he has received Workmen's Compensation benefits for the same injury, but, (2) he shall not be allowed to retain both the compensation benefits and the damages recovered from such third person, and (3) the statute, by operation of law, assigns to the employer so much of the judgment or payments received from such third person as the injured workman received as compensation benefits. The intention of the legislature, as expressed in the act, seems clear that the workman is not to be paid twice for the same injury, but that he is not to be penalized because of the receipt of Workmen's Compensation benefits. To illustrate, if the workman received compensation benefits of $5,000 and his attorney $1,000 and he recovers $15,000 in an action against a negligent third person, if the statutory assignment operates as an assignment of the $5,000 received as benefits by him, the workman would receive the total of $15,000 while if it be construed to assign the $1,000 award to his attorney, the workman would have to pay the attorney fee. The Workmen's Compensation statute carefully protects the injured workman from payment of attorneys' fees if the amount of the award is increased by the attorneys' efforts. Furthermore, the clause relied upon by plaintiff Wards reads: "* * * to the extent of the liability of such employer to such workman. * * *" It must be remembered that an award of attorneys' fees by the court is to the attorney and not to the injured workman. Sec. 59–10–23, supra. Giving the words of the statute their usual and ordinary meaning, the statutory assignment to the employer is limited to the amount of benefits paid by the employer to the workman. We, therefore, hold that the trial court did not err in refusing to permit the plaintiff Wards to recover the amount of attorneys' fees allowed Reed's attorney in the Workmen's Compensation proceeding.

The cause is reversed and remanded with directions to set aside the verdict and the judgment based thereon and to grant a new trial and to proceed in a manner not inconsistent with the views expressed herein.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.

NOBLE, Justice.

On Motion for Rehearing.

 Our attention has been called to language of our original opinion by which we said that an award of attorney's fees

by the court is to the attorney and not to the injured workman. Judgment for attorney's fees runs to the claimant, Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615, but such award of attorney's fees is for claimant's attorney. Section 59–10–23, subd. D, Laws 1955, Ch. 274, § 1(d).

The opinion heretofore filed will stand, except as modified herein, and mandate will issue in accordance with the original opinion.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.