71 P.(2d) 683

**BELL v. CARTER TOBACCO CO. et al.**
No. 4235.

Supreme Court of New Mexico.
Sept. 3, 1937.

H. B. Hamilton, of El Paso, Tex., for appellants.

J. Benson Newell, of Las Cruces, for appellee.

BICKLEY, Justice.

The appellee sued the appellants for killing a Shetland pony. From a judgment following a jury verdict for $625, this appeal was taken.

There were a number of assignments of error, but only two urged in this court: First, that there was no evidence to establish the negligence of appellants; and, second, that the evidence conclusively proves that the proximate cause of the killing of the pony was the contributory negligence of appellee.

If there is substantial evidence in the record to support the judgment, then it must be affirmed. There is substantial evidence to establish the following facts:

The appellee lives in the village of Oro Grande, N. M., and there operates a store in a building facing east at the west side of the highway. At the back of his store building (the front porch of which abuts upon the highway) is a corral in which appellee kept a horse and the pony that was killed. The gate to this corral was held shut by weights on a rope and in addition had a fastening. The pony could open the gate and did so when the horse was taken out, unless the gate was fastened. Appellee and his son, hereafter mentioned, knew the pony could open the gate and would get out and follow the horse when taken from the corral if the gate

was not fastened. On the day in question, appellee's son took the horse from the corral, leaving the gate held closed with the weights only; and had just brought it to the north end of the porch of the store, when the pony loped or trotted out into the highway from the south side of the store, coming onto the highway from between the store and some cars parked along the side of the highway south of it.

Appellant James C. Love, traveling salesman for appellant company, was driving a company automobile on this highway, one of the main state roads. There was evidence that Love was driving at sixty or sixty-five miles per hour. He neared appellee's store just as the pony loped or trotted directly across the road from the south side of the store building. The pony could not have been seen by Love as he drove the car down the road from the north until it had passed the side of the store and was almost on the highway. Love saw the pony and applied his brakes to avoid hitting it. The tires scraped the ground for a distance of twenty steps before colliding with the pony, and the car went seventy steps further before stopping. The pony did not see the car until almost against it, when he stopped, reared, and threw his head up; was missed by the radiator, but the edge of the wind shield hit and crushed his head. He was killed about the center of the highway, which is sixty or eighty feet wide, with a graveled surface in the center twenty-four feet wide. It was straight for a quarter of a mile north of Oro Grande to a mile south. There was nothing to prevent the driver from turning either to the left or right to avoid killing the pony, in so far as the condition of the road was concerned, as there was no ditch at either side.

There was thirteen cars parked along the highway at and south of the store, and one or two in front of it. The pony went between the cars parked south of the store and the store building, and passed south of the car or cars parked in front of the store, onto the highway, following or looking for the horse, which had just been brought around and tied at the north end of the store building porch by appellee's son. Instead of turning north, as the horse had done, the pony continued in a lope or trot directly east, starting to cross the line of traffic. Appellee testified that appellant could not have seen the pony until it was on the highway.

It is provided by subsection (b) of section 1 of chapter 118, N.M.L.1933, among other things: "No bus or truck shall be operated at a speed greater than 45 miles per hour. Passenger automobiles may be operated at such speeds as shall be consistent at all times with safety and the proper use of the roads."

The jury was not instructed as to this statute, but the court advised them of section 11-803, N.M.S.A.1929, which is as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard

of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in section 61 [11-861] of this act." And the jury was properly instructed that a violation of this statute was negligence per se. Appellant Love testified that he was driving at from 40 to 45 miles per hour. There was testimony that he was driving at from 60 to 65 miles per hour and other witnesses testified that he was "speeding." There was sufficient testimony from which the jury could properly infer that Love violated the penal statute quoted and therefore was negligent; but that fact did not justify a verdict for damages unless such negligence was the proximate cause of the collision with the pony. Henderson v. Northam et al., 176 Cal. 493, 168 P. 1044; Texas & N. O. R. Co. v. Harrington et al. (Tex.Com.App.) 235 S.W. 188.

Contributory negligence was not pleaded by defendants. They denied negligence on their part and alleged: "That if said horse was killed as alleged in paragraph III of plaintiff's complaint, that the killing of said horse was caused by the gross negligence of plaintiff in permitting said horse to run at large upon a public highway." Such denials of negligence and allegations of negligence of plaintiff are not a plea of contributory negligence. See Thayer v. D. & R. G. R. R. Co., 21 N.M. 330, 154 P. 691, where we decided:

"The plea of contributory negligence is a plea in confession and avoidance, which admits negligence on the part of the defendant, but seeks to avoid liability therefor by alleging that the plaintiff was guilty of negligence which contributed to his injury, and the plea is bad if it denies that defendant was negligent." But we turn to the instructions which were not objected to by appellants to see the theory upon which the case was submitted to the jury. See Thayer v. D. & R. G. R. R. Co., supra. Among other instructions was instruction No. 11, which was as follows: "Under the instructions given you, if the Plaintiff has sustained the allegations set out in his Complaint, and has established negligence on the part of the defendants and that plaintiff's horse was killed as a proximate cause of such negligence, then your verdict should be for the plaintiff, unless at the same time the defendants have sustained their claim of contributory negligence on part of the plaintiff in permitting the horse to run at large on the public highway, and that defendant, Love, exercising reasonable and prudent care, could not have avoided the results of such contributory negligence on part of plaintiff; or to put it another way: If Plaintiff has not sustained his case, then your verdict should be for the defendants, irrespective or whether or not the defendants have sustained their claim of contributory negligence by the Plaintiff; or if Plaintiff has sustained his case, but at the same time defendants have sustained their claim of contributory negli-

gence, then your verdict should be for the defendants *unless* (emphasis ours) the defendant Love could still have avoided the accident by the exercise of reasonable care and prudence considering all of the conditions and circumstances then existing, such care and prudence being measured by what a reasonably prudent man similarly situated would probably do under like conditions and circumstances, having regard for his own safety."

It thus appears that both contributory negligence and the doctrine of last clear chance were incorporated and submitted. Being unobjected to, this was the law of the case, Marchant v. McDonald, 37 N.M. 171, 20 P.(2d) 276; and is not open here to objection that it is not supported by the evidence. 64 C.J. 958. Neither was pleaded, but appellants (defendants) must take the bitter with the sweet, and getting advantage by the instruction of the submission of contributory negligence, they are confronted with the doctrine of last clear chance also submitted.

In this situation it was for the jury to determine whose negligence was the proximate cause of the injury. Under the issues as submitted and from a survey of the testimony, we are unable to say that there was not substantial evidence to support a verdict for plaintiff, even though the jury might have thought that the plaintiff was guilty of contributory negligence in permitting the horse to be in a situation where it could go on the highway.

From all of the foregoing we conclude that the judgment must be affirmed and the cause remanded, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.