366 P.2d 710

BOARD OF COUNTY COMMISSIONERS of LINCOLN COUNTY, New Mexico, Petitioner-Appellee,

v.

J. G. HARRIS and Ethel Harris, Defendants-Appellants.

No. 6876.

Supreme Court of New Mexico.

Dec. 5, 1961.

Schauer & Stiff, and Hervey, Dow & Hinkle, Roswell, for appellants.

Dan Sosa, Jr., Dist. Atty., Las Cruces, Fred M. Standley, Epifanio Garcia, John C. Worden, Spec. Asst. Attys. Gen., for appellee.

MOISE, Justice.

Appellants were the owners of a piece of improved property abutting on Highway 70, a paved highway, in Lincoln County, New Mexico. The improvements consisted of store buildings and a filling station and garage located on the corner. The highway improvements being made and for which damages are claimed by appellants included the lowering of the grade of the street approximately 20 inches which resulted in considerable inconvenience in getting from

the street onto the property and from the property to the street.

Appraisers appointed to assess damages placed appellants' loss at $13,340. This award was appealed and the matter tried to a jury. On the trial appellants produced witnesses who testified to material depreciation of the value of the property by virtue of the lowering of the street grade. This testimony would have supported a finding of greater depreciation in value than that found by the appraisers. However, at the close of appellants' case the court sustained a motion to dismiss appellants' claim for the reason, as stated by him, that he did not consider it compensable, no land having been taken, the entrance and exit not having been obstructed and the relation of the property to the highway remaining unchanged except that the roadway had been lowered approximately 20 inches, which change he considered to be in the nature of a valid exercise of the police power and for the best interests and safety of the public.

On this appeal we are called upon to determine whether or not the owner of the property abutting on a paved highway is entitled to damages suffered through depreciation in value of his property when the highway grade is lowered so as to make ingress and egress difficult or inconvenient.

Although courts in some jurisdictions deny recovery in cases where no property is taken and the claim is for injury suffered through a change of the grade of a street or highway, generally in those states whose constitutions prohibit the taking or damaging of private property for public use without compensation, it is held that the owner of property so damaged is entitled to compensation. See note in 36 L.R.A.,N.S., 1194, as supplemented in L.R.A.1915A 382; 2 Nichols, Eminent Domain (3rd Ed.), § 6.4442.

■ Our constitution (Art. II, § 20) reads, "Private property shall not be taken or damaged for public use without just compensation." From this language it is clear that in order for an owner to be entitled to compensation a taking is not required—it being sufficient if there are consequential damages.

In the recent case of Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647, our sister state of Arizona had occasion to consider the problem here being discussed and concluded that compensation was required under a constitutional provision comparable to ours and under facts quite similar. This case followed State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988, overruling In re Forsstrom, 44 Ariz. 472, 38 P. 2d 878, holding otherwise.

To like effect are the following: City of Sweetwater v. McEntyre (Tex.Civ.App.), 232 S.W.2d 434; Dickerson v. Town of Okolona, 98 Ark. 206, 135 S.W. 863, 36 L.R.A., N.S., 1194; Quivey v. City of Mitchell, 133

**318**

Neb. 727, 277 N.W. 50; Dougherty County v. Hornsby, 213 Ga. 114, 97 S.E.2d 300; Brown v. City of Seattle, 5 Wash. 35, 31 P. 313, 32 P. 214, 18 L.R.A. 161.

■ In New Mexico the correct rule for measuring damages in eminent domain cases is the so-called "before and after rule" whereby the owner of property is entitled to recover as compensation the amount the fair market value of his property is depreciated by the taking. City of Tucumcari v. Magnolia Petroleum Co., 57 N.M. 392, 259 P.2d 351; Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682. See Middle Rio Grande Conservancy District v. Crabtree, No. 6864, N.M., 365 P.2d 442, decided September 14, 1961. We are clear that the same rule is applicable where damage to property results from a change in grade.

■ We perceive of no considerations which dictate a different result. Under the proof here a substantial injury to the value of the property was established. Our constitution clearly contemplates that such damage should not be suffered without just compensation. It follows that the court erred in sustaining the motion to dismiss appellants' claim.

■■ We would add a word to the effect that it is not every change of grade which would be compensable. It must be a material change, and one which causes consequential damage. In addition, we recognize, as argued by appellee, that injury which is the result of the proper imposition of regulations under the police power is not compensable. Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41; Green v. Town of Gallup, 46 N.M. 71, 120 P.2d 619; note in 100 A.L.R. 491. This is one of the grounds of the motion in the court below, and one of the reasons for the ruling by the court.

The line between non-compensable damage through an exercise of the police power, and damage for which payment must be made for a taking under eminent domain is one not easily drawn; nevertheless, we are clear that under the facts of this case the lowering of the grade cannot be supported as an exercise of police power. Brown v. City of Seattle, supra; see 27 Washington L.R. 111, 119; 3 Stanford L.R. 298, 302. It would only be a short additional step to argue that all highway improvements which added to the convenience and safety of the travelling public were done pursuant to the police power and that the owners of property taken or damaged should not be paid therefor. Certainly, such is not the law. However, we will not attempt to state a rule of universal application, but will decide each case as it arises. Mitchell v. City of Roswell, supra.

In this connection the following language from the case of Rose v. State of California, 19 Cal.2d 713, 123 P.2d 505, 515, is in point:

"Generally, it may be said that police power operates in the field of regulation, except possibly in some cases of emergency such as conflagration or flood when private property may be temporarily used or damaged or even destroyed to prevent loss of life or to protect the remaining property of an entire locality. There is obviously no element of regulation involved in the case at bar, and no suggestion of anything in the nature of an emergency. The damage to plaintiff's property here involved was the result of a public improvement constructed by the state in the exercise of its power of eminent domain.

"While it is true that the seeming absolute protection against the taking or damaging of private property for public use provided for in section 14 of article I of our Constitution may be qualified by the police power in the area in which such power operates, it should be obvious that the police power doctrine cannot be invoked in the taking or damaging of private property in the construction of a public improvement where no emergency exists. To hold otherwise would in effect destroy the protection guaranteed by our Constitution against the taking or damaging of private property for a public use without compensation. Gray v. Reclamation Dist. No. 1500, 174 Cal. 622, 163 P. 1024; Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322, 28 A.L.R. 1321."

We would also call attention to the words of Justice Holmes in Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 160, 67 L.Ed. 322, where he said:

"The general rule at least is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking. * * *

"We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change. As we already have said, this is a question of degree— and therefore cannot be disposed of by general propositions."

It follows from what has been said that the trial court erred in sustaining the motion to dismiss and accordingly the cause is reversed and remanded with instructions to proceed in a manner not inconsistent herewith. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.