406 P.2d 171

**BOARD OF TRUSTEES OF the TOWN OF FARMINGTON, New Mexico, Plaintiff-Appellant,**

v.

**B. J. SERVICE, INC., a corporation, Defendant-Appellee.**

No. 7570.

Supreme Court of New Mexico.

Sept. 27, 1965.

LaVor W. Burnham, Farmington, for appellant.

James L. Brown, Farmington, for appellee.

## OPINION ON MOTION FOR REHEARING

### PER CURIAM:

Upon consideration on rehearing, the opinion on file is withdrawn and the following substituted:

## OPINION

NOBLE, Justice.

The Town of Farmington condemned land of B. J. Service, Inc., for a street. Following exceptions to the commissioner's report, the issues were tried de novo in the district court, resulting in a damage award of $13,902, from which the town has appealed.

The court found the following facts:

"1. * * *

"2. That before the taking, the property was being operated as one operating unit by B. J. Service, Inc.

"3. That the property taken by the plaintiff divides said tract diagonally, approximately through the center of said tract.

"4. That it is now necessary for the defendant to cross back and forth the right-of-way taken by the plaintiff in order for it to conduct its business.

"5. That the defendant has improvements on both sides of the right-of-way.

"6. That in addition to the value of the property before and after taking, the defendant, in order to dispose of said property would have a sales expense in the amount of $3,000.00.

"7. That the improvements located on the south side of the right-of-way is [are] highly specialized equipment and has [have] little or no value insofar as the resale of said property is concerned.

"8. That it will cost the defendant approximately $9,662.00, exclusive of any labor on the part of the defendant, to remove and reinstall said improvements at some other location.

"9. Before condemnation of the tract taken, it had a value on a front foot basis of $4,000.00 plus the benefit of a fill in the sum of $1,000.00.

"10. The enhanced value of the land no [not] taken, based on front foot value was $3,760.00, leaving a net damage for land taken in the sum of $1,240.00."

and conclusions:

"1. * * *

"2. That defendant is entitled to judgment against plaintiff in the sum of $13,902.00, plus interest thereon at six per cent per annum from May 9, 1958."

The question for our determination is whether the court used the proper formula in determining the landowner's damages

for the property taken and the consequential damage to the remaining property. The town argues that neither the expense of a prospective sale of the remainder, nor the cost of moving improvements from land not taken are a proper element of damage.

While the courts are not in complete accord as to the method of measuring damages where there has been only a partial taking, they have generally adopted one of the following three formulae: (1) damages to the remainder included in the value of the part taken, (2) the value of the part taken, plus damages to the remainder, and (3) the difference between the fair market value of the property before and after the taking. 1 Orgel on Valuation under Eminent Domain, §§ 49, 50 and 51. This court, however, is firmly committed to the so-called "before and after" rule as a measure of damages in eminent domain, whereby the property owner is entitled to recover, as compensation, the amount by which the fair market value of his property has been depreciated by the taking. Board of County Com'rs, Lincoln County v. Harris, 69 N.M. 315, 366 P.2d 710; City of Tucumcari v. Magnolia Petroleum Co., 57 N.M. 392, 259 P.2d 351; Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682; Board of Com'rs of Santa Fe County v. Slaughter, 49 N.M. 141, 158 P.2d 859.

■ In the application of such rule, it is proper to consider the cost of improvements for restoration purposes and relocation costs as helpful aids in determining the difference in the before and after value of the property. However, such prospective expenditures are not, themselves, proper elements of damage. Arkansas State Highway Comm. v. Speck, 230 Ark. 712, 324 S.W.2d 796; Arkansas State Highway Comm. v. Ptak, 236 Ark. 105, 364 S.W.2d 794; 4 Nichols on Eminent Domain, p. 657. See Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938. [Where part of a tract of land has been taken the question is how much less is the tract as a whole worth with the piece taken out of it than it was worth before the taking? In determining the value of the property after the taking, the tribunal assessing the damages must take into consideration every element which a purchaser willing but not obliged to buy would consider, and "separate items may be considered not as specific items of loss, but merely with respect to their effect upon the market value." 4 Nichols on Eminent Domain, p. 552.]

■ Noting that the trial court treated relocation costs and sales expenses as specific elements of damage, it becomes apparent that erroneously applied the value of the part taken plus damages to the remainder formula of compensation rather than the before and after rule. Lacking essential findings of the before and after values of the property as a whole, the decision cannot stand.

It follows that the judgment must be reversed and the cause remanded with instructions to find the fair market value of the property, as a whole, before and after the taking, and to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.