409 P.2d 269

**BOARD OF TRUSTEES OF the TOWN OF FARMINGTON, New Mexico, Plaintiff-Appellant,**

**v.**

**C. L. SPENCER and Wilma Spencer, Defendants-Appellees.**

**No. 7638.**

Supreme Court of New Mexico.

Dec. 27, 1965.

LaVor W. Burnham, Farmington, for appellant.

Palmer & Frost, Farmington, for appellees.

CARMODY, Chief Justice.

Plaintiff-appellant Board of Trustees of the Town of Farmington appeals from a judgment in favor of defendants for $6,-000.00 in a condemnation action tried to the district court.

Among the court's findings of fact were the following:

"8. That the property actually taken by plaintiff from defendants C. L. Spencer and Wilma Spencer amounted to approximately one-third of an acre and had a reasonable market value of $3,500.00, on the date of taking.

"* * *

"12. That defendants' property not actually taken was damaged in the amount of $1,500.00 by reason of loss of irrigation water supply and by reason of loss of trees, grass, shrubbery and other vegetation, which loss was directly and proximately caused by the construction of Schofield Avenue and other work incident thereto.

"13. That the small house situate on the real estate belonging to the defendants C. L. Spencer and Wilma Spencer, but not taken in this condemnation action was damaged in the amount of $1,000.00 by reason of the location of the street in such close proximity to said house by reason of the drainage of water into the front yard as a consequence of the grading of Schofield Avenue.

"14. That before the taking of the property belonging to defendants, said property had a reasonable market value of $50,000.00; that after the taking and consequential damage the remaining property of defendants had a reasonable market value of $44,000.-00."

Appellant contends that the element of damage due to loss of irrigation water, Finding No. 12, was improperly considered.

■ The well-established measure of damages in eminent domain in this jurisdiction is the "before and after" rule, by which the owner is entitled to recover, as compensation, the amount by which the fair market value of his property has been depreciated by the taking. Board of Trustees of Town of Farmington v. B. J. Service, Inc., 1965, 75 N.M. 459, 406 P.2d 171; Board of County Com'rs of Lincoln County v. Harris, 1961, 69 N.M. 315, 366 P.2d 710; Board of Com'rs of Dona Ana County v. Gardner, 1953, 57 N.M. 478, 260 P.2d 682; City of Tucumcari v. Magnolia Petroleum Co., 1953, 57 N.M. 392, 259 P.2d 351.

■ Even if the loss of irrigation water is not, in itself, a proper element of damage, the loss of trees, grass, shrubbery and other vegetation caused by the disruption of the water supply is a factor in the determination of the value of the property after the taking. Compare Board of Trustees of Town of Farmington v. B. J. Service, Inc., supra.

The trial court found that before the taking the property had a value of $50,000.00; that after the taking and consequential damage, the remaining property had a reasonable market value of $44,000.00. That finding is not attacked on appeal.

■ Appellant also contends that the trial court erred in making no finding with respect to benefits received by defendants as a result of the taking and the subsequent construction of Schofield Avenue. In applying the "before and after rule," the court must consider both benefits and detriments to the property by reason of the taking of the land. Board of Com'rs of Dona Ana County v. Gardner, supra. In the present case there was testimony by a real estate broker which would have supported a finding by the court that no benefit was conferred, but the court made no finding at all with respect to benefits and refused plaintiff's requested finding that the property was benefited. In any event if there had been a benefit, such benefit would have been reflected in the finding of market value of the remaining property after the taking. As previously stated, the trial court's findings of market value before and after the taking are not attacked.

The judgment will be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.