417 P.2d 68

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellant,**

**v.**

**ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, George F. Curtis, Vera Curtis, Maurice Houk and Thelma June Houk, Respondents-Appellees.**

No. 7842.

Supreme Court of New Mexico.

July 18, 1966.

588

Boston E. Witt, Atty. Gen., Hadley Kelsey, Joseph L. Droege, William S. Martin, Jr., John C. Worden, Oliver G. Ricketson, George D. Sheldon, Richard T. Whitley, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Iden & Johnson, J. T. Paulantis, J. J. Monroe, Albuquerque, for Atchison, T. & S. F. Ry. Co.

Smith, Smith & Tharp, Clovis, for appellees Houk.

## OPINION

NOBLE, Justice.

The State Highway Commission (hereafter termed the commission) has appealed from a judgment in condemnation awarding damages to Atchison, Topeka and Santa Fe Railway Company (hereafter termed the railroad) and to Maurice and Thelma Jane Houk (hereafter termed Houk).

Three points relied upon for reversal will be discussed in somewhat different order than they are briefed. Point II concerns

only the Houk property and for convenience will be first discussed.

Houk owned land in the city of Clovis upon which he had a welding and trailer shop and a custom slaughter house. He had a parking lot or space on the east side of lots 1, 2, 3 and 4 to the east of an alley and a parking space on the west side of the block where the welding and trailer manufacturing plant was located. Prior to the condemnation, they had a space of twenty-one feet between the slaughter house and the street which was used for parking and loading. After the condemnation, only nine feet remained between the steps and the curb—insufficient for parking. After commencement of the condemnation and just prior to the trial, the city of Clovis enacted an ordinance prohibiting on-street parking. The taking of Houk's parking space was testified to as an element of their damages. The commission complains of the refusal of the trial court to give its requested instruction concerning the right of the city of Clovis to regulate and prohibit parking on the streets and charging the jury that loss of parking space on a public street is not a compensable damage in eminent domain.

We have reviewed the record concerning the damage claimed by reason of the loss of parking space and conclude, as the trial court must have, that Houk's loss of parking was loss of parking on his private property which was taken by the State. We do not find that Houk claimed damages by reason of the city's action in prohibiting parking along the street. It is apparent that the testimony respecting the city's action was to show only that the loss of his privately owned and operated parking space was an actual damage to the remaining property. In fact, the prohibition against parking on the street was elicited by the commission's cross-examination. We find no testimony indicating that any estimate of damages to Houk's property was based on loss of parking on the public street. It is well established that it is error to instruct on a proposition of law not supported by the evidence, or which presents a false issue. Reed v. Styron, 69 N.M. 262, 365 P.2d 912; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Ware v. Cattaneo, 69 N.M. 394, 367 P.2d 705. We find no error in the trial court's refusal to give the requested instructions.

The commission urges as error, requiring reversal and a new trial, the denial of its requested instructions 6 and 18. Instruction no. 6 proposed to charge the jury that no compensation should be awarded if the value of the remaining property after the highway improvement equaled or exceeded the value of the entire property before the taking, and no. 18 defined general and special benefits and would have charged

**590**

that both benefits may be set off against the value of the part taken.

■ The measure of damages is the injury done to the fair market value of the entire tract by the taking of only a part, which is reflected by the difference between the market value of the entire tract before the taking and the market value of the remainder after the taking. Board of Trustees of Town of Farmington v. B. J. Service, Inc., 75 N.M. 459, 406 P.2d 171. And, since the market value of the remaining property necessarily includes any increase in the value thereof contributed by any kind of benefits accruing to it, benefits which enhance the market value of the remainder are included in the determination of value after construction. City of Tucumcari v. Magnolia Petroleum Co., 57 N.M. 392, 259 P.2d 351; Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682. However, the court correctly instructed the jury that they should give credit for any benefits accruing to the remaining land. Instructions which are repetitious or which unduly emphasize certain portions of the case should not be given. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217. Our examination of the instructions given and requested convinces us that the court adequately charged the jury in these issues, and that the tendered instructions were repetitious and their refusal was not error. See Pfleiderer v. City of Albuquerque, 75 N.M. 154, 402 P.2d 44.

■ The commission asserts that the jury awarded the railroad damages of $6,954 in excess of the highest damage testified to by any witness and awarded Houk $150 more than the highest damages testified to. The commission points to testimony of $13,800 difference between the "before and after" fair market value of the railroad land. The railroad has not called our attention to other evidence bearing upon the proposition with proper references to the transcript. We, therefore, consider the commission's statement of the relevant testimony as complete. Supreme Court Rule 15(6) (§ 21–2–1 (15) (6), N.M.S.A.1953). See Mountain States T. & T. Co. v. Suburban Telephone Co., 72 N.M. 411, 384 P.2d 684; Hobbs Water Co. v. Madera, 42 N.M. 373, 78 P.2d 1118; Davis v. Campbell, 52 N.M. 272, 197 P.2d 430. Without transcript references, the railroad asserts that one of its witnesses testified to other sales which would support the award made by the jury. However, the court instructed the jury that testimony as to such sales should be considered only for the purpose of testing the credibility of expert witnesses testifying as to market value, and to be used only in determining the weight to be given the testimony of such expert.

■ The instruction was not attacked and is the law of this case. Bell v. Carter Tobacco Co., 41 N.M. 513, 71 P.2d 683; Marchant v. McDonald, 37 N.M. 171, 20 P.2d 276.

The jury was properly instructed that it must not render a verdict in an amount less than the lowest nor more than the highest pertinent evidence received in the case. Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938. It is apparent that the jury was mistaken as to the applicable measure of damages and awarded the railroad $6,954 in excess of the highest testimony as to such damages. We think the award to Houk is likewise $150 in excess of the highest testimony of damages to their property.

If the railroad will, within ten (10) days, file a remittitur with the clerk of the district court in the sum of $6,954 from the $20,754 judgment in its favor, the judgment in favor of Atchison, Topeka and Santa Fe Railway Company will be affirmed for $13,800; and if Houk will, within ten (10) days, file a remittitur with the clerk of the district court in the sum of $150 from the $5,150 judgment in favor of Maurice Houk and Thelma June Houk, and George F. Curtis and Vera Curtis, the judgment in their favor will be affirmed for $5,000, both judgments as of the day of the entry in the lower court; otherwise, such judgment not remitted will be reversed and remanded for a new trial on the issue of damages alone.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.