427 P.2d 894

**ROOSEVELT COUNTY ELECTRIC CO-OPERATIVE, INC., Plaintiff-Appellant,**

v.

**Y. F. BOWLEY and Gertrude Bowley, his wife, Defendants-Appellees.**

**No. 8175.**

Supreme Court of New Mexico.

May 22, 1967.

Jay Morgan, Portales, for appellant.

Esther L. Smith, Clovis, for appellees.

## OPINION

OMAN, Judge, Court of Appeals.

The plaintiff, an electrical cooperative clothed with the power of eminent domain, instituted this cause to condemn an easement in 5.5991 acres of defendants' lands for the purpose of constructing and maintaining electric distribution lines across these lands.

The case was tried to the court without a jury. From a judgment for defendants in the total amount of $1,005.00, plaintiff appeals.

Plaintiff relies upon four points for reversal, but they are all directed at claimed errors on the part of the trial court in making its findings of fact Nos. 3, 4 and 6, and in concluding that defendants are entitled to a judgment for the amount shown in finding No. 6.

These three findings of fact are as follows:

"III

"That petitioner entered the lands of respondents for the purpose of establish-

ing electric transmission lines over and across that portion of the hereinabove described real estate including a strip of land 20 feet in width, ten feet on either side of the line described in detail in the attached Exhibit A; that the land taken by petitioner totales [sic] 6.0 acres; that the lands of respondents not taken by petitioner's right of way are damaged by the taking of the 6-acre portion."

"IV

"That the date of petitioner's entry on the premises was June 12, 1963; that petitioner placed 44 poles on the premises.

"VI

"That the Respondents have been damaged by the Petitioner's [sic] as follows:

"Six acres taken at $67.50 per
acre ..................... $ 405.00
"40 pole locations at $15.00
per hole .................... 600.00
                            _____
                            $1,005.00"

As to the court's finding No. 3, plaintiff contends that the court erred because the uncontradicted evidence discloses that only 5.5991 acres are contained within the confines of the easement. The defendants do not dispute this, but contend the error is harmless, and, if not harmless, is only grounds for ordering a remittitur. In view of the disposition which we make of the case, it is unnecessary to specifically decide what should be done about this admitted error.

The attack made on finding No. 4 is that the court erred in finding there are 44 poles within the confines of the easement, when the evidence shows a maximum of 38 such poles. This is an evidentiary matter which could very easily be determined by a simple count of the poles. It seems there was testimony from different witnesses that there are 36 poles, 38 poles, and possibly 45 poles. It is not clear where the number of 44 poles comes from, or the number of 40 poles for which the court assessed damages of $15.00 per hole. How-

ever, again it is unnecessary for us to concern ourselves further with this matter in view of our disposition of the case.

■ The principle error urged upon us, and which requires a reversal of the judgment, is that the court erred in awarding damages equal to the value of the land within the confines of the easement, plus a per hole charge of $15.00 for 40 pole locations. Plaintiff particularly relies upon the opinion of this court in the case of City of Albuquerque v. Chapman, 76 N.M. 162, 413 P.2d 204 (1966), wherein we stated:

"In this jurisdiction, the measure of damages in eminent domain is determined by the application of the 'before and after' rule, by which the owner of property is entitled to recover as compensation the amount by which the fair market value of his property has been depreciated by the taking of a portion thereof. * * *"

Defendants contend that the trial court in effect gave damages based on the before and after values by giving damages for the acreage taken, plus damages to the lands not taken "under the guise of per pole location." They argue that what was said by us in Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682 (1953), embraces the elements found by the court, and that the failure of the trial court to make a finding of the difference between the before and after fair market values of the property is of no importance. They contend that had the finding been made, the decision of the trial court would not have been changed, and thus, the failure to find on this issue is not grounds for reversal. They cite in support of their position the cases of Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963 (1953); Save-Rite Drug Stores, Inc. v. Stamm, 58 N.M. 357, 271 P.2d 396 (1954); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956). We cannot say whether the award would or would not have been the same had proper findings been made.

■ There can be no doubt that the rule followed in this jurisdiction, when only

a portion of the condemnee's property is actually taken, requires the ascertainment of the fair market value of the entire property immediately before the taking and the fair market value of that remaining immediately after the taking. If the "after" value be less than "before" value, then this difference is the damage to which the condemnee is entitled. Board of Trustees of Town of Farmington v. B. J. Service, Inc., 75 N.M. 459, 406 P.2d 171 (1965); Board of Trustees of Town of Farmington v. Spencer, 75 N.M. 636, 409 P.2d 269 (1965); State ex rel. State Highway Commission v. Atchison T. & S. F. Ry., 76 N.M. 587, 417 P.2d 68 (1966); City of Albuquerque v. Chapman, supra.

In Board of Trustees, etc. v. B. J. Service, Inc., supra, we were confronted with a similar situation, in that the trial court in that case also failed to make findings as to the before and after values, and made an award of $13,902 based upon a sales expense of $3,000, an expense in removing and reinstalling improvements in the amount of $9,662, and a net damage for the land taken in the amount of $1,240. In reversing, we stated:

"* * * Lacking essential findings of the before and after values of the property as a whole, the decision cannot stand.

"It follows that the judgment must be reversed and the cause remanded with instructions to find the fair market value of the property, as a whole, before and after the taking, and to proceed further in a manner not inconsistent with this opinion."

In the present case the trial judge is no longer on the district court. The evidence is so conflicting, and in some areas so confusing, that in our opinion another judge cannot satisfactorily arrive at proper findings on the basis of the record alone. Therefore, the case should be reversed and remanded for a new trial.

It is so ordered.

NOBLE and CARMODY, JJ., concur.