516 P.2d 199

**L. G. HILL and Lena Hill, his wife, Plaintiffs-Appellees,**

v.

**STATE HIGHWAY COMMISSION of New Mexico, Defendant-Appellant.**

**No. 9676.**

Supreme Court of New Mexico.

Nov. 21, 1973.

David L. Norvell, Atty. Gen., E. E. Chavez, Chief Counsel, Richard L. Russell, Deputy Chief Counsel, Leslie D. Ringer, State Highway Dept., Asst. Attys. Gen., Santa Fe, for defendant-appellant.

Hannett, Hannett, Cornish & Barnhart, George W. Hannett, Albuquerque, for plaintiffs-appellees.

OPINION

MARTINEZ, Justice.

Appellees brought this action in the District Court of Bernalillo County on December 2, 1969 to recover damages by way of inverse condemnation pursuant to § 22–9–22, N.M.S.A.1953 (Supp.1971). Appellees alleged that appellant's construction of a portion of Interstate 40 created a detour and interfered with their right of access which damaged their curio shop, service station, snake house, cafe, garage and two residential buildings. Because of this, they claimed that their businesses had to be closed and the value of their property diminished.

The trial court found that, prior to this highway construction, appellees had unlimited access to U.S. Highway 66 for travel in east and west directions. Upon the commencement of construction in late September or early October 1968, the appellant's servants closed the westbound traffic lane of U.S. Highway 66 and prevented access to the eastbound lane which had been converted into a two-lane service road running parallel to Interstate 40 then under construction. Consequently, in order to reach Albuquerque from their property, appellees were forced to travel west 7.5 miles on the westbound lane of U.S. Highway 66 to the Rio Puerco interchange and return east to Albuquerque thus making an additional distance of fifteen miles each way of the trip. In similar fashion, appellees were forced to travel an additional fifteen miles from Albuquerque to return to their property. The trial court further found that this condition existed for more than one year, and that such *denial of access* to the appellees was unreasonable and resulted in a $31,000 loss of market value to appellees' property.

Appellant has raised three points on appeal: the first and dispositive point being that temporary interference with access to

property, by reason of construction activities on public highways, is not compensable unless it is pleaded and proved that such interference was unreasonable because not necessitated by the work to be done.

Section 22-9-22, N.M.S.A.1953 (Supp. 1971) reads in part:

"The state of New Mexico or any agency or political subdivision thereof, including the state highway commission and any person, firm or corporation authorized by the Constitution or laws of this state to exercise the right of eminent domain who has heretofore *taken or damaged* or who may hereafter *take or damage* any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, * * *." (Emphasis added)

New Mexico cases involving § 22-9-22, supra, invariably encompass some physical *permanent* taking or damage to property. See Kaiser Steel Corporation v. W. S. Ranch Company, 81 N.M. 414, 467 P.2d 986 (1970); Buresh v. City of Las Cruces, 81 N.M. 89, 463 P.2d 513 (1969). The injury complained of in the instant case is not a permanent physical injury to property but is a temporary denial of access from appellees' property to the general highway system. Therefore, the issue becomes whether or not the right to access as a property right, *temporarily* obstructed and interfered with by appellant, was damaged and compensable pursuant to § 22-9-22, supra.

This Court has recognized that the right of access is a property right, and may not be taken or damaged without the payment of compensation. State ex rel. State Highway Comm. v. Chavez, 77 N.M., 104, 419 P.2d 759, aff'd as State ex rel. State Highway Commission v. Chavez, 80 N.M. 394, 456 P.2d 868 (1969); State v. Silva, 71 N.M. 350, 378 P.2d 595 (1962). The right of access has been defined as,

"* * * a right of ingress to and egress from land on an abutting street or highway and therefrom to the system of public roads, subject to reasonable traffic regulations and not affected by diversion of traffic or reasonable circuity of travel." State v. Danfelser, 72 N.M. 361, 369, 384 P.2d 241, 246 (1963). New Mexico cases dealing with a denial of access demonstrate clearly that a "taking," the actual physical severance and appropriation of the party's land, is not required in order that the landowner be entitled to compensation. A landowner is entitled to compensation if there are consequential "damages" resulting from the denial of access. Board of County Com'rs, Lincoln County v. Harris, 69 N.M. 315, 366 P.2d 710 (1961). In that case, this Court recognized that the lowering of the grade of a highway approximately 20 inches damaged the appellant's property which abutted the highway. There, the damages inflicted were not a temporary nature, but were the consequence of the lowering of the highway's grade. This Court further noted that the change of the grade was material. The Court acknowledged that "* * * not every change of grade * * * would be compensable." Id. at 318, 366 P.2d at 712. This Court further stated that:

"The line between non-compensable damages through an exercise of the police power, and damage for which payment must be made for a taking under eminent domain is one not easily drawn; nevertheless, we are clear that under the facts of this case the lowering of the grade cannot be supported as an exercise of police power."

Id. at 318, 366 P.2d at 712.

In the instant case, no grade was lowered, and no permanent interference with appellees' right of access to U.S. Highway 66 occurred. The appellees' access to U.S. Highway 66 was unchanged physically by this construction. What occurred was the use of the new Interstate 40 as the main highway to and from Albuquerque, and the conversion of U.S. Highway 66 to a serv-

ice road. It is the position of this Court that the abutting landowner has no vested right in the flow of traffic, Board of County Com'rs v. Slaughter, 49 N.M. 141, 158 P.2d 859 (1945).

There are no New Mexico cases which deal with the question of whether or not the appellant's action which produced a *temporary* interference with access was compensable. In this sense, the instant case is one of first impression before this Court. However, other states have faced this issue and have established a workable framework which this Court can readily adopt.

 The Court of Appeals of Ohio has held that in order to prove damages for the denial of access, a party must demonstrate that the temporary interference was unduly prolonged, not merely that it was annoying, noisy, or inconvenient. Masheter v. Yake, 9 Ohio App.2d 327, 224 N.E.2d 540 (1967). The state of Idaho has expressed the following rule: "If the temporary obstruction is a result of unreasonable, unnecessary, arbitrary or capricious acts or conduct by the one in charge of the improvement or construction, the abutting landowner has a right of action for damages resulting from such interference with access to his property." . Hadfield v. State, 86 Idaho 561, 567, 388 P.2d 1018, 1022 (1964). See Rymkevitch v. State, 42 Misc.2d 1021, 249 N.Y.S.2d 514 (1964). Generally, damages caused by temporary obstruction of streets during the period of construction of a public project are not compensable. 5 Nichols, Eminent Domain, § 16.1011(1). In the instant case, the trial court found that appellees were forced to travel additional distances from their property for more than one year. However, the trial record fails to indicate that this interference was the result of unreasonable, unnecessary, arbitrary or capricious conduct by appellant, or that construction of Interstate 40 was unduly prolonged. The trial court's findings to the contrary are not supported by substantial evidence. This being the case, the trial court's conclusions of law predicated on these findings also lack support.

Therefore, the judgment of the trial court is reversed and the cause remanded with instructions that judgment be entered for the defendant.

It is so ordered.

OMAN and MONTOYA, JJ., concur.